**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DONNELL WOLFE, et al., | : | |
| Plaintiffs, | : | Civil Action No. 14-1956 (ES) |
| v. | : | OPINION |
| MRS. TRACEY S. KAMINSKI, et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Plaintiffs Donnell Wolfe, Tyrone White and Robert Schemelia are involuntarily committed persons pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4–27.24, et seq. Plaintiffs were confined in the Special Treatment Unit at East Jersey State Prison ("EJSP–STU") in Avenel, New Jersey at the time they submitted this Complaint for filing. For the reasons stated below, the Court will allow Plaintiff Wolfe's claims to proceed at this time.

### I. BACKGROUND

The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

As of March 24, 2014, Plaintiff Wolfe alleges that he had been locked in his cell for seven days. (D.E. No. 1-1 ("Stmt. Of Claims") at 1). He alleges that he was not permitted to leave his cell for treatment sessions, recreation, or to change his clothing. (*Id.*). He further alleges that each time he complained through grievances and verbal complaints, the lockdown time in his cell was extended. (*Id.*). In addition, Plaintiff Wolfe alleges that his request to speak to the

Department of Corrections' ombudsman during this time was denied.  (*Id.* at 4).  Plaintiffs seek injunctive and monetary relief.  (D.E. No. 1 ("Compl.") ¶ 7).

## II. DISCUSSION

Federal Rule of Civil Procedure 20 governs the permissible joinder of plaintiffs, and states in relevant part:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  Joinder under Rule 20 is discretionary, and when the Court exercises that discretion, it "must provide a reasoned analysis that comports with the requirement of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

In this case, the Complaint appears to allege facts only regarding Plaintiff Wolfe.  The Complaint is primarily written in the first-person and relates to the lockdown conditions Plaintiff Wolfe has suffered.  Specifically, he references occasions when other residents were permitted out of their cells while he was still locked down in his cell.  There is no mention of any conditions related to Plaintiffs White and Schemelia.  As a result, this does not appear to be an appropriate case for joinder.  *See Picozzi v. Connor*, No. 12-410, 2012 WL 2839820, at * 6 (D.N.J. July 9, 2012) (citing *Pope v. Miller*, No. 07–0284, 2007 WL 2427078 (W.D.Okla. Aug. 21, 2007) (not appropriate to join access-to-courts claims and Eighth Amendment medical-care and conditions-of-confinement claims).  Accordingly, this Court will dismiss from this action all co-plaintiffs except the first named plaintiff, Donnell Wolfe, and will direct the Clerk of the Court to open a

new and separate civil action for each such dismissed co-plaintiff.   If the dismissed co-plaintiffs wish to proceed, they must submit an amended complaint alleging their own claims in their newly opened civil actions.   In this case, Plaintiff Wolfe's claims will be permitted to proceed.

### III.  CONCLUSION

For the reasons set forth above, all co-plaintiffs except Donnell Wolfe will be dismissed from this action and the Clerk of the Court will be directed to open a new and separate civil action for each such dismissed co-plaintiff. Plaintiff Wolfe's complaint shall be permitted to proceed. An appropriate order follows.

Dated: February 13, 2015

*s/ Esther Salas*_____
**Esther Salas, U.S.D.J.**